UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Glendon Williams,<br>Individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　Plaintiff,<br><br>　　-v-<br><br>Eagle Team NYC CR LLC,<br><br>　　　　　　　　　　　　　　Defendant. | Civ. Action #:<br><br>**Complaint**<br>**(Wage Class Action)**<br><br><br>**Jury Trial Demanded** |

Plaintiff Glendon Williams ("Plaintiff" or "Williams"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorneys, complaining of Defendant Eagle Team NYC CR LLC ("Defendant" or "Eagle Team NYC") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former employees who worked for the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he and they are: (i) entitled to unpaid wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of himself and a class of other similarly situated current and former hourly employees who worked for the Defendant, pursuant to the Fed. R. Civ. Proc. 23, that he and they are: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12

NYCRR § 142-2.2.

3. Plaintiff and the putative class members also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 USC § 216(b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2202, 2201.

## THE PARTIES

7. Plaintiff Glendon Williams ("Plaintiff" or "Williams") is an adult, over eighteen years old, who currently resides in Kings County in the State of New York.

8. Upon information and belief and all times relevant herein, Defendant Eagle Team NYC CR LLC ("Defendant" or "Eagle Team NYC") was a New York for-profit corporation with its principal place of business located at 90 Broad Street, New York, NY 10004.

## STATEMENT OF FACTS

9. Upon information and belief, and at all relevant times herein, Defendant was engaged in the building construction and renovation business.

10. Upon information and belief, and at all relevant times herein, Defendant employed approximately 90 or more employees during the class period.

11. Plaintiff was employed by Defendant for about six months ending on or about July 24, 2019.

12. At all times relevant herein, Plaintiff was employed by Defendant as a construction laborer/carpenter.

13. Upon information and belief, throughout his employment with Defendant, Plaintiff was paid a regular rate of $25 an hour and Plaintiff was paid at his straight regular rate for overtime hours (hours over 40 in a week) worked, for each week during his employment with Defendant.

14. Upon information and belief, and at all times relevant herein, and throughout the period Plaintiff was employed by Defendant, Plaintiff worked about 45-60 hours each week for Defendant, 5-7 days a week.

15. At all times relevant herein, and for the entire duration of his employment with Defendant, Plaintiff was paid at his straight regular rate for his overtime hours worked in each week. For example, for the week beginning February 25, 2019, Plaintiff worked at least 53.5 hours and was paid at his straight regular rate of $25 an hour for each and all of these 53.5 hours worked. This example is reflective of Defendant's payment pattern throughout Plaintiff's employment with it.

16. A more precise statement of the hours and wages will be made when Plaintiff Williams obtains the wage and time records Defendant was required to keep under the FLSA and NYLL. *Accurate* copies of Plaintiff's wage and time records that Defendant was required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6 are incorporated herein by reference.

17. At all times relevant herein, Defendant failed to pay Plaintiff and the putative class members at a rate of at least 1.5 times their regular rate for each and all overtime hours (hours over 40 in a week) worked in each week during their employment with Defendant.

18. At all times relevant herein, Defendant did not provide Plaintiff and the putative class with the notice(s) required by NYLL 195(1).

19. At all times relevant herein, Defendant did provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all the hours worked by Plaintiff and did not state all wages earned by Plaintiff, among other deficiencies.

20. At all times relevant herein, Defendant's payment policy and practice laid out above applies to Plaintiff and the putative class members.

21. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

22. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

23. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of equipment and supplies necessary for their business.

24. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

25. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

26. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

27. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic

mail and telephone systems.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

29. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of his federal and state minimum wage and overtime rights and failed to inform Plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

30. "Plaintiff" as used in this complaint refers to the named Plaintiff.

31. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq. (Overtime)

32. Plaintiff alleges on behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. The named Plaintiff has consented to be part of this action by the filing of this action on his behalf and with his consent.

34. The FLSA cause of action is brought as a collective action on behalf of the named Plaintiff and all others who are/were similarly situated and who file consents to opt-in to the action.

35. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendant, who 1) worked more than forty hours in a week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

36. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are approximately over 90 members of the class during the class period.

37. The class definition will be refined as is necessary, including after discovery if necessary.

38. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendant within the meaning of the FLSA – 29 U.S.C 201 et Seq.

39. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

40. Upon information and belief and at all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

41. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

42. Due to Defendant's FLSA violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, their unpaid overtime wage compensation, plus maximum liquidated damages, attorney's fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. (Unpaid Overtime)**

43. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and

6

incorporates by reference the allegations in paragraphs 1 through 41 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

44. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

45. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former employees of Defendant, who: 1) were employed by Defendant within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

46. The class definition will be refined as is necessary, including after discovery if necessary.

47. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 90 members of the class during the class period.

48. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

49. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times the applicable regular rate for all hours in excess of forty in a week.

50. Upon information and belief, the claims of the representative party are typical of the claims of the class.

51. The representative party will fairly and adequately protect the interests of the class.

52. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

53. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) Whether, Defendant failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

55. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

56. At all times relevant herein, Defendant failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

## Relief Demanded

57. Due to Defendant's NYLL overtime violations, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, their unpaid overtime compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION

**NYLL § 190, 191, 193, 195 and 198**

58. Plaintiff alleges on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 57 above as if set forth fully and at length herein.

**CLASS ALLEGATIONS**

59. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

60. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

61. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked or all wages earned, and employees who did not receive the required wage notices setting forth the name and address of employer and regular and overtime rates of pay among other information.

62. The class definition will be refined as is necessary, including after discovery if necessary.

63. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendant, upon information and belief, there are over 90 members of the class during the class period.

64. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

65. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendant failed to provide Plaintiff and the putative class with the

statement(s) required by NYLL 195(3).

66. Upon information and belief, the claims of the representative party are typical of the claims of the class.

67. The representative party will fairly and adequately protect the interests of the class.

68. The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

69. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   i.   whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

70. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

71. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

72. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

73. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

### Relief Demanded

74. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendant, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

75. Declare Defendant to be in violation of the Plaintiff's rights under the Fair Labor Standards Act, Article 6 of the New York Labor Law, the New York Minimum Wage Act, and the Regulations thereunder;

76. As to the **First Cause of Action**, award Plaintiff and those similarly situated who opt-in to this action, their unpaid overtime compensation due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

77. As to the **Second Cause of Action**, award Plaintiff and those similarly situated as class members, their unpaid overtime compensation due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

78. As to the **Third Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

79. Award Plaintiff and all others similarly situated prejudgement interest on all monies due;

80. Award Plaintiff and all others similarly situated any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

81. Award Plaintiff and all others similarly situated such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
    **August 27, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

  /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF